FILED
SUPERIOR COURT
OF GUAM

2025 MAR 19 AM 10: 24

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **CW HOLDINGS, LLC,** | **CIVIL CASE NO. CV0535-23** |
| **Plaintiff,** | |
| **vs.** | |
| | **DECISION AND ORDER** |
| **GUAM HEALTHCARE DEVELOPMENT, INC. dba GUAM REGIONAL MEDICAL CITY,** | **(Defendant's Motion to Stay)** |
| **Defendant.** | |

This matter came before the Honorable John C. Terlaje on March 14, 2025, for a Motion Hearing on Defendant's Motion to Dismiss and Motion to Stay. Present were Attorneys Jon R. Ramos and Rawlen Mantanona on behalf of Plaintiff CW Holdings, LLC ("CWH") and Attorneys G. Patrick Ceville and Dean Manglona on behalf of Defendant Guam Healthcare Development, Inc. ("GHDI"). After reviewing the record, relevant law, and arguments from the parties, the Court finds that Defendant's unresolved Motion to Dismiss and outstanding discovery issues raised by the Defendant provide sufficient justification to stay briefing on CWH's Motions for Summary Judgment. Therefore, the Motion to Stay is **GRANTED**, and the Court issues a new schedule for the Motions.

## BACKGROUND

This matter stems from a breach of lease claim brought by CWH against Defendant GHDI on August 30, 2023. GHDI's Answer to the Complaint on September 28, 2023 raised

numerous defenses, but did not address whether CWH had the required business license for the rental or to bring the claim. On September 19, 2024, GHDI filed a Motion and Memorandum in Support of Motion to Compel Inspection and conduct Testing of Medical Arts Center. This Motion to Compel asked the Court to order CWH to comply with GHDI's Request to Inspect the MAC Building as part of its discovery. CWH filed its Opposition to the Motion to Compel on September 30, 2024, and GHDI filed its Reply to the Opposition on October 3, 2024. In an effort to resolve the discovery disputes raised by the parties, the Court appointed Magistrate Judge Quan as Discovery Master for the case. The Court's goal in doing this was to have the Discovery Master schedule and conduct regular hearings, as needed, to manage the parties' discovery efforts and resolve any discovery disputes before the scheduled trial. Reports from the parties to this Court indicate that no meetings have taken place with the Discovery Master to date, but there is a meeting scheduled for April 1, 2025.

On January 17, 2025, GHDI filed a Motion to Dismiss with this Court, alleging that CWH could not bring or maintain the claim without the proper business license. Plaintiff CWH claims that it obtained the proper license on January 24, 2025. Declaration of Cesar C. Cabot, Exhibit E (February 14, 2025). However, Defendant GHDI alleges that this license was obtained fraudulently and without a Guam Fire Department fire inspection, and was therefore unlawfully issued. GHDI's Memorandum in Support of Motion to Stay Briefing (February 25, 2025).

On February 3, 2025, CWH made two Motions for Summary Judgment, covering its claim for breach of contract against GHDI and GHDI's three counterclaims against CWH for breach of contract, restitution, and accounting. On February 14, 2025, CWH filed its Opposition to Defendant's Motion to Dismiss. On February 25, 2025, GHDI filed a motion requesting that

the Court stay the briefing on CWH's motions for summary judgment until the issues of the motion to dismiss and previously identified discovery issues were addressed.

## DISCUSSION

Defendant has argued that briefing on Plaintiff's Motion for Summary Judgment should be stayed until Defendant's Motion to Dismiss and existing discovery issues are resolved. The Court agrees that the original Motion timeline that would have been required would be inappropriate given the outstanding issues present in this case.

### A. Outstanding Motion to Dismiss as a reason to stay proceedings

At the Motion Hearing on March 14, 2025, both parties and this Court agreed to continue the Hearing on the Motion to Dismiss until April 15, 2025. The decision to reschedule was made after Counsel for the Defendant informed the Court that it had reported Plaintiff to several Guam agencies, including the Department of Public Works and the Guam Fire Department, and that agency actions and investigations regarding Plaintiff's business license were pending. Counsel for the Defendant informed the Court of an estimated timeline for when these agency actions would be completed, and the Court set the Continued Hearing for April 15, 2025 as a result.

As a result of continuing the Hearing on the Motion to Dismiss, the Motion remains unresolved. The Court agrees with Defendant's assertion in its Motion to Stay that the Motion to Dismiss is determinative in this case, and therefore it is reasonable to stay briefing for Plaintiff's Motions for Summary Judgment until after the Motion to Dismiss is resolved, which will occur following the Hearing scheduled for April 15, 2025.

### B. Alleged incomplete discovery as a reason to stay proceedings

In its Memorandum in Support of Motion to Stay Briefing filed on February 25, 2025, GDHI alleged that "discovery has not been completed as a result of Plaintiff's deliberate failure

to comply with its discovery obligations." Memo. In Supp. Motion to Stay (Feb. 25, 2025). There were two main discovery issues outlined by GHDI in the Memorandum. First, GDHI alleges that CWH failed to comply with the court-ordered inspection of the Medical Arts Center because CWH did not give full access to two elevators and the water tank, which are essential components of the building's "mechanical and life safety systems" and which were required in the Lease. *Id.* Second, GDHI alleged that CWH failed to produce numerous documents as requested, including inspection reports and punch lists, complete communications between CWH representatives and CWH subcontractors, documents relating to fire protection system, elevator system, HVAC system, and photographs taken by CWH of the Medical Arts Building. *Id.*

Although discovery has concluded in this case, GHDI moved to compel the inspection of the property on September 19, 2024, which resulted in this Court appointing a Discovery Master to resolve these issues. Order Appointing Discovery Master (October 14, 2024). It has become clear to this Court that these issues with discovery remain unresolved. Parties are scheduled to meet with the Discovery Master on April 1, 2025.

At this time, the Court grants permission for GHDI's requested inspection, limited to the requested two elevators and the water tank which GHDI claims they were unable to inspect previously. The Court also wishes to acknowledge that the inspection previously conducted by Defendants was performed late in the discovery process, leaving no time for follow up if the inspection was left incomplete. The Court encourages Defendant to be better organized in the future to avoid requiring the Court to extend any deadlines. Counsel for GHDI represented at the hearing held on March 14, 2025, that experts would be available on April 21, 2025 to do an inspection. The Court grants permission for an inspection limited to the above-mentioned areas

on this date between 8am and 5pm, to be arranged by the parties, and sets end of day April 21, 2025 as the new deadline for any and all discovery.

The Court further encourages all parties to move forward with any other outstanding discovery, including depositions, at an accelerated timeline. Parties need not wait for the meeting with the Discovery Master to continue deposing witnesses. Any documents previously requested but not produced are to be produced by April 21, 2025 at the latest. The Court reminds both parties to move to compel any essential unproduced documents in a timely manner to ensure all discovery is fully completed by the deadline.

C. **New Scheduling Order for Motions for Summary Judgment**

This Court has scheduled a Hearing on the Motion to Dismiss for April 15, 2025, and end of discovery for April 21, 2025. Following the end of discovery, the clock will continue on the Motions for Summary Judgment, as follows:

| TYPE OF FILING | DEADLINE |
|---|---|
| **Opposition(s) to Motion(s) for Summary Judgment** | May 12, 2025 |
| **Reply Memorandum(s)** | May 26, 2025 |

## CONCLUSION

Viewing the disputed facts in the light most favorable of the non-moving party, the Court finds that the circumstances surrounding the necessity of the Motion to Stay remain active. Accordingly, the Court hereby **GRANTS** Defendant's Motion to Stay. Further Proceedings are scheduled for April 15, 2025 at 9:00am.

SO ORDERED, this ___3|19|25___,


_____
HON. JOHN C. TERLAJE
Judge, Superior Court of Guam